UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

DIMITRIOS GEORGAKAKIS,

    Plaintiff,

v.

CHW GROUP INC d/b/a
CHOICE HOME WARRANTY,

    Defendant.

4:18-CV-479
Case No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Dimitrios Georgakakis, through counsel, sues Defendant CHW Group Inc d/b/a Choice Home Warranty for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and alleges:

### Introduction

1. Plaintiff purchased a home warranty from Defendant. When the agreement expired, Defendant began calling Plaintiff's cellular phone to asking him to sign another contract. Plaintiff answered one such phone call, told Defendant's agent that he did not wish to renew his contract, and asked Defendant to stop calling him. But Defendant did not stop calling Plaintiff. Plaintiff repeatedly asked Defendant to stop calling him, yet Defendant continued to place automated phone calls to Plaintiff's cell phone, as often as four times per day.

2. The TCPA was enacted to prevent companies like Defendant from invading American citizens' privacy and to prevent abusive "robocalls."

3. The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30,821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1256 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one consumer complaint to the FCC.  There are thousands of complaints to the FCC every month on both telemarketing and robocalls.  The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet:  Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015).

6. As the Seventh Circuit Court of Appeals wrote: "No one can deny the legitimacy of the state's goal: Preventing the phone (at home or in one's pocket) from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious." *Patriotic Veterans v. Zoeller*, 845 F.3d 303, 305-06 (7th Cir. 2017).

**Jurisdiction, Venue and Parties**

7. This Court has original jurisdiction over Plaintiff's claim arising under the TCPA pursuant to 28 U.S.C. § 1331.

8. Personal jurisdiction exists over Defendant as it has the necessary minimum contacts with the State of Texas, this suit arises out of Defendant's specific conduct with Plaintiff in Texas, and Plaintiff was injured in Texas.

9.      Venue is appropriate in the United States District Court for the Eastern District of Texas, Sherman Division, pursuant to 28 U.S.C. § 1391, as the events giving rise to Plaintiff's claims occurred in Denton County, Texas.

10.     Plaintiff is a natural person, and citizen of the State of Texas, residing in Denton County, Texas.

11.     Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F.3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

12.     Defendant CHW Group Inc. d/b/a Choice Home Warranty is a foreign corporation organized in the State of New Jersey, with its principal place of business located at 1090 King Georges Post Road, Building 10, Edison, New Jersey 08837.

### General Allegations

13.     Defendant called Plaintiff on Plaintiff's cellular telephone approximately 50 times in order to telemarket its home warranty product.

14.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1) (hereinafter "autodialer calls").

15.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (469) ***-2563, and was the called party and recipient of Defendant's calls.

16.     Defendant placed an exorbitant number of calls to Plaintiff's cellular telephone (469) ***-2563 in an attempt to convince Plaintiff to purchase its home warranty product.

17. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following telephone numbers: (888) 373-0962; (732) 234-9854; (732) 210-6980; (732) 416-4744; (732) 204-6589; and (732) 338-8487.

18. On several occasions since Defendant's campaign of phone calls began, Plaintiff instructed Defendant's agents to stop calling his cellular telephone.

19. In or around January 2018, Plaintiff answered a call from Defendant to the aforementioned cellular telephone number. Plaintiff spoke to Defendant's agent/representative and informed that agent/representative that he was not interested in signing another contract, to remove his number from Defendant's call list, and that he did not want any more calls. But the calls did not stop.

20. Each subsequent call Defendant made to Plaintiff's aforementioned cellular telephone number was knowing and willful and made without Plaintiff's "express consent."

21. Despite Plaintiff clearly and unequivocally revoking any consent Defendant may have believed it had to call Plaintiff on his cellular telephone, Defendant continued to place automated calls to Plaintiff.

22. Again, on February 12, 2018, Plaintiff answered a call from Defendant to the aforementioned cellular telephone number. Plaintiff spoke to Defendant's agent/representative and told her to stop calling him. Again, the calls did not stop. Defendant made roughly 15 automated phone calls to Plaintiff over the next two weeks.

23. Defendant called Plaintiff four times on March 1, 2018 alone, and left four voicemails.

24. Defendant left pre-recorded voicemails on Plaintiff's phone that stated, for example: ""Hi, my name is James from Choice Home Warranty. I'm calling today to let you

know that your home warranty is expired. We are currently running a promotion for all expired contracts. Call 1-888-373-0962 to reactivate today and get two free months of coverage. This promotion won't last long. So please call us at 1-888-373-0962. Looking forward to hearing back from you."

25. Again, in March 2018, Plaintiff answered a call from Defendant to the aforementioned cellular telephone number. Plaintiff spoke to Defendant's agent/representative and again asked that Defendant stop calling him. Still, the calls did not stop.

26. Plaintiff's numerous conversations with Defendant's agents/representatives over the telephone, wherein he demanded cessation of calls, were in vain as Defendant continued to bombard him with automated calls unabated.

27. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can be reasonably expected to harass.

28. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to call individuals just as it did to Plaintiff's cellular telephone in this case.

29. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to call individuals just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Defendant, to remove the number.

30. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they wish for the calls to stop.

31. Defendant has other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

32. Defendant has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requests to stop.

33. Defendant has had numerous complaints from consumers across the country asking to not be called; however, Defendant continues to call the consumers.

34. Defendant's corporate policy provided no means for Plaintiff to have his number removed from Defendant's call list.

35. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

36. Not a single call placed by Defendant to Plaintiff was placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

37. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

38. From each and every call Defendant placed to Plaintiff's cellular telephone without consent, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

39. From each and every call Defendant placed to Plaintiff's cellular telephone without consent, Plaintiff suffered the injury of occupation of his cellular telephone line and cellular telephone by unwelcome calls, making the telephone unavailable for legitimate callers or outgoing calls while the telephone was ringing from Defendant's calls.

40. From each and every call Defendant placed to Plaintiff's cellular telephone without consent, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired

the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

41. Each and every call Defendant placed to Plaintiff's cellular telephone without consent was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go through the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

42. Each and every call Defendant placed to Plaintiff's cellular telephone without consent resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

43. Each and every call Defendant placed to Plaintiff's cellular telephone without consent where a voice message was left, occupied space in Plaintiff's telephone or network.

44. Each and every call Defendant placed to Plaintiff's cellular telephone without consent resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular telephone and his cellular telephone services.

45. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress and aggravation from having to deal with Defendant's numerous unwanted phone calls while trying to conduct business of his own.

## COUNT I
## (Violation of the TCPA)

46. Plaintiff restates and incorporates herein his allegations in paragraphs 1 through 45 as if fully set forth herein.

47. Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that he wished for the calls to stop.

48. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully submitted,

Joshua R. Kersey – Lead Attorney
Texas Bar No. 24090206
MORGAN & MORGAN, PA
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Phone: (813) 225-6734
Fax: (813) 222-2490
jkersey@forthepeople.com

Attorney for Plaintiff